O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA ERWIN, | ) | CASE NO. CV 07-06663 (RZ) |
|                 Plaintiff, | ) ) | |
|     vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
|                 Defendant. | ) ) | |

        This matter is before the Court for the third time, the Court having remanded the matter once upon stipulation of the parties and once after finding an ambiguity in the medical evidence that the Commissioner's delegate, the Administrative Law Judge, did not attend to properly. The ambiguity concerned Plaintiff's carpal tunnel syndrome and whether the doctor believed that Plaintiff could perform the kinds of tasks that her prior work, data entry clerk, had required. After the second remand, the Administrative Law Judge again concluded that Plaintiff could perform her past relevant work, and again denied her claim for disability benefits. [AR 455-58]

        When the matter was returned to the Commissioner, Plaintiff's counsel (but, apparently, not the Commissioner), re-contacted the doctor. The doctor's supplemental report notes, quite naturally, that the doctor has not examined the patient for more than ten years, and that her chart long since has been shredded. [AR 487] Nevertheless, the doctor

did his best to clarify his comments of ten years earlier. Based on the limited records available to him in 2007, the doctor thought that Plaintiff's carpal tunnel syndrome might have been capable of being addressed by surgery, and, in his supplemental report in 2007, the doctor opined that, if the surgery produced a good result, Plaintiff could return to her work; if it produced a bad result, she could not; and if she did not have the surgery, she would be a candidate for vocational rehabilitation. [AR 488] Plaintiff did not have the surgery; her current doctor did not recommend it, believing that it would not help [AR 308], and, in any event, even though she stated that she was willing to have the surgery, her insurance would not cover it. [AR 504-06] The Court understands the doctor's post-remand comments as indicating that, if Plaintiff did not have the surgery, she could not perform her past relevant work, but rather would have to be re-trained to qualify to perform other work. In this Court, Defendant now argues that the case should be remanded once again, to further clarify the doctor's opinion. But the doctor has made very clear that he has done the best he can in reconstructing his views of someone he saw more than ten years ago, and as to whom he retains no further records. A further remand would be useless.

The Administrative Law Judge on remand gave a nod to this opinion, but then essentially ignored it, finding that the record supported the residual functional capacity determined at the prior hearing, and, relying on the vocational expert's testimony at the prior hearing, determining that Plaintiff could perform her past relevant work as it was generally performed. [AR 457] No vocational expert testified at the hearing after the remand, however, and the original vocational testimony in many ways pointed in the other direction, especially when the question concerned the past work as it was generally performed. [AR 312-314] Thus, the Administrative Law Judge's finding to the contrary was not backed by substantial evidence.

Plaintiff therefore carried her burden at Step 4 of the sequential analysis, and the burden then shifted to the Commissioner, at Step 5, to demonstrate that there was other work which Plaintiff could perform. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The Commissioner made no such showing at Step 5, and therefore did not carry his burden. Accordingly, Plaintiff is entitled to an award of benefits. *Schneider v. Commissioner of the Social Security Administration*, 223 F. 3d 968, 975 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The decision of the Commissioner is reversed, and the matter is remanded for the awarding of benefits.

DATED: July 3, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE